UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          No. 2:09-cr-00131-MCE

        Plaintiff,

    v.                                  <u>ORDER</u>

JERALD PETER D'SOUZA,

        Defendant.

----oo0oo----

The Court is in receipt of Defendant's Memorandum of Points and Authorities for Determination of Subject Matter Jurisdiction and Withdrawal of Plea Pursuant to Rule 11 ("Motion").  ECF No. 23.  For the following reason, that Motion is DENIED.[1]

///

///

///

///

///

---

[1] Defendant's subsequent Request for CJA Appointment of Counsel, ECF No. 29, is thus DENIED as moot.

1

**BACKGROUND**

On August 27, 2009, Defendant pled guilty to Use of Facility in Interstate Commerce to Induce Minor to Engage in Criminal Sex Acts in violation of 18 U.S.C. § 2422(b).  Section 2422(b) provides, in pertinent part:

> Whoever, using the mail or any facility or means of interstate or foreign commerce...knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Pursuant to his Plea Agreement, Defendant specifically acknowledged and agreed that: 1) he used the internet to communicate with a user "shy_aimee," who Defendant believed was a 13-year old girl, but who was, in fact a Federal Bureau of Investigation confidential informant; 2) "[a]ll incoming and outgoing Internet transmissions of 'shy_aimee' traveled through an Internet server outside California"; 3) Defendant "planned to travel to Truckee to meet 'shy_aimee' to engage in sexual activity" and was, in fact, arrested in Truckee "after he arrived in Truckee to have sex with 'shy_aimee'"; and 4) "[d]uring a post Miranda consent interview...[Defendant] confessed that he used interstate technology and highways to travel to have sex with 'Aimee.'"  Plea Agreement, ¶ 13.

///
///
///
///

2

1  Also as part of his plea agreement, Defendant agreed to "waive

2  all rights in every respect to appeal directly (under 28 U.S.C.

3  § 1291 and 18 U.S.C. § 3742) and collaterally (under 28 U.S.C.

4  § 2255), including as to pleas of guilt, sufficiency of evidence,

5  sentence imposed, conviction, and sentence calculation." Id.,

6  ¶ 23.

7       This Court sentenced Defendant on November 12, 2009, to a

8  one-hundred twenty (120) month term of imprisonment, a one-

9  hundred twenty (120) month term of supervised release and a $100

10 special assessment.  Defendant was remanded that same day.

11      On August 25, 2011, Defendant filed his instant motion

12 seeking to withdraw his guilty plea, purportedly pursuant to

13 Federal Rule of Criminal Procedure 11, on the basis this Court

14 lacked subject matter jurisdiction to enter judgment.

15 Defendant's argument is rejected in its entirety.

16

17                          **ANALYSIS**

18

19      Defendant claims that, despite his earlier confessions and

20 his agreement to the stipulated facts within his plea agreement,

21 newly discovered evidence indicates that the relevant "Internet

22 incoming and outgoing messages did not travel outside of

23 California, to constitute a federal interstate offense under

24 18 U.S.C. § 2422(b)."  Motion, 3:1-3.  Defendant further argues

25 that "[t]he government did not verify from the server provider if

26 the instant messages exchanged between the confidential informant

27 and [Defendant] traveled outside the state prior to seeking an

28 indictment from a federal grand jury in this case." Id.,

1  3:22-25.  Defendant thus contends that the Government failed to

2  establish the text messages underlying Defendant's conviction

3  actually moved "between states."

4      Defendant's argument is flawed in a variety of ways.  First,

5  Defendant waived all rights to directly or collaterally attack

6  his conviction when he entered his guilty plea.  <u>See</u> <u>United</u>

7  <u>States v. Rahman</u>, 642 F.3d 1257, 1259 (9th Cir. 2011) ("waiver

8  of...appellate rights is enforceable if (1) the language of the

9  waiver encompasses...right to appeal on the grounds raised; and

10  (2) the waiver is knowingly and voluntarily made") (internal

11  quotations and citations omitted); <u>United States v. Abarca</u>,

12  985 F.2d 1012, 1014 (9th Cir. 1993) (knowing and voluntary waiver

13  of right to collaterally attack conviction is enforceable).

14  Moreover, even if Defendant had not waived his right to

15  collaterally attack his conviction, any such motion is time-

16  barred.  <u>See</u> 28 U.S.C. § 2255(f)(1).  In addition, nothing in

17  Rule 11 permits Defendant to withdraw his guilty plea post-

18  sentencing.  <u>See</u> Fed. R. Crim. P. 11(d), (e) (permitting

19  withdrawal of guilty plea either before it is accepted by the

20  Court or before the Court imposes sentence).  Finally, even if

21  not otherwise barred, Defendant's motion fails on the merits

22  because: 1) Section 2422(b) does not require the Government to

23  establish that Defendant's internet communications actually

24  crossed state lines, but merely that Defendant utilized a

25  "facility or means of interstate...commerce"; 2) Defendant

26  <u>admitted</u> his communications traveled across state lines, <u>see</u> Plea

27  Agreement, § 13(5);

28  ///

3) Defendant admitted that he used <u>other</u> facilities in interstate commerce (<u>e.g.</u>, interstate highways) in the course of his criminal conduct, <u>see</u> <u>id.</u>; and 4) Defendant's "evidence" that his communications traveled only within California is <u>highly</u> speculative at best, <u>see</u> Motion, pp. 7-8.  Accordingly, Defendant's Motion is DENIED.

**CONCLUSION**

For the reasons just stated, Defendant's Motion to Withdraw Plea Agreement (ECF No. 23) and Defendant's Request for CJA Appointment of Counsel (ECF No. 29) are DENIED.

IT IS SO ORDERED.

Dated: February 6, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE