UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent,<br><br>　　v.<br><br>JERALD PETER DSOUZA,<br><br>　　　　　　Movant. | No. 2:09-cr-0131 MCE CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant stands convicted of a violation of 18 U.S.C. § 2422(b), use of a facility of interstate commerce to induce a minor to engage in criminal sexual activity, after pleading guilty to that offense. On November 12, 2009, movant was sentenced to 120 months in the Federal Bureau of Prisons. An amended judgment and order of commitment was filed on January 5, 2010. Movant did not appeal.

Movant raises four grounds for relief. Respondent filed an opposition to movant's § 2255 motion on June 21, 2016. Movant filed a reply on July 18, 2016.

Respondent argues the movant's § 2255 motion is barred by the applicable statute of limitations. Title 28 U.S.C. § 2255(f) provides:

/////

/////

1

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

After review of the relevant portions of the record, it appears the limitations period with respect to movant's § 2255 motion began running under section (1) when the judgment on his conviction became final.[1] Judgment was entered by the district court on January 5, 2010. As of that day, movant had 10 days, not counting weekends or holidays, within which to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A);[2] Fed. R. App. P. 26(a)(1).[3] Therefore, the notice of appeal was due January 19, 2010. Because movant did not file a notice of appeal by January 19, 2010, the limitation period applicable to movant's § 2255 motion began running under section (1) the

/////

/////

---

[1] In his motion (ECF No. 53 at 12), movant asserts the limitations period did not begin until August 16, 2015 under section (4) because it was not until then he discovered United States v. Wright, 625 F.3d 583 (2010). However, section (4) delays the running of the limitations period until the discovery of facts underlying a claim, not case law, and movant fails to point to anything suggesting any of his claims are based on facts not known to movant when judgment was entered.

[2] As of December 1, 2009, Fed. R. App. P. 4(b)(1)(A) allows a defendant to file his notice of appeal within 14 days of judgment.

[3] As of December 1, 2009, weekends and holidays are counted as being a part of the 14 day time limit for the filing of a notice of appeal, except that if day 14 falls on a weekend or holiday, the time is extended to the next weekday that is not a holiday. Fed. R. App. P. 26(a)(1).

1  next day.  Movant did not file his § 2255 motion until January 15, 2016.[4]  Absent any tolling of

2  the limitations period, the period ran out January 18, 2011, well before movant filed his motion.

3  In his reply brief, movant correctly identifies the standard for equitable tolling.  Under

4  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), the Supreme Court held that the limitations

5  period applicable to habeas corpus proceedings can be tolled if there is a showing that the litigant

6  had been pursuing his rights diligently, and some extraordinary circumstance prevented him from

7  filing on time.  Essentially, movant asserts his lack of legal knowledge is the extraordinary

8  circumstance that stood in his way.  However, lack of legal knowledge is not an extraordinary

9  circumstance of for purposes of determining whether equitable tolling applies.  Rasberry v.

10 Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  Movant also claims he was "mentally unstable"

11 (ECF No. 68 at 30) for some unidentified period of time due to his sentence of imprisonment.

12 However, movant fails to point to any facts suggesting this amounted to a "mental impairment"

13 which would qualify as an extraordinary circumstance, see Bills v. Clark, 628 F.3d 1092, 1099-

14 1100 (9th Cir. 2010), and has not shown that his mental "instability" was the actual reason his §

15 2255 motion is approximately five years late.

16 Finally, movant argues that the court should consider movant's claims pursuant to the

17 "actual innocence" exception.  Notwithstanding the existence of a procedural bar to relief, a

18 prisoner may have a federal claim considered on the merits if he makes a showing of "actual

19 innocence."  McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013).   A showing of actual

20 innocence is made where new evidence shows that it is more likely than not that no reasonable

21 juror would have convicted the prisoner.  Id. at 1934.

22 Here, movant does not point to any new evidence.  Instead, he questions the

23 Constitutionality of 18 U.S.C. § 2422(b) since the use of a facility of interstate commerce is what

24 /////

25

---

[4] January 14, 2016 is the day movant gave his § 2255 motion to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 270 (1988) (prisoner's notice of appeal filed on day it was given to prison officials for mailing).

3

is regulated by Congress rather than actual interstate commerce.[5]  However, the United States Supreme Court has held that pursuant to the Interstate Commerce Clause of article 1, section 8 of the Constitution, Congress does have the authority to "regulate the use of the channels of interstate commerce," not simply actual instances of interstate commerce or interstate activity. U.S. v. Lopez, 514 U.S. 549, 558 (1995).

Because it is clear movant's § 2255 motion is barred by the statute of limitations, the court need not address the other arguments raised by respondent in opposition to movant's § 2255 motion.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Movant's January 19, 2016 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 53) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-0125 MCE CKD P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the denial of his § 2255 motion.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

/////

/////

---

[5] Movant claims that since he and the victim both lived in California at the relevant time, his use of the internet to induce the victim to engage in sexual activity could not be construed as being "interstate."

4

specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2016

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
dsou0131.257